**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Ross Sylvester Elendu,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **ORDER**<br><br>Case No. 3:24-cr-142(1) |

Pro se Defendant Ross Sylvester Elendu filed a motion for new trial on June 22, 2026. Doc. 104. Elendu also moves for an evidentiary hearing and to expedite his motion. Doc. 111. Lastly, Elendu moves for leave to file a supplemental memorandum in support of his motion. Doc. 121. The United States responded in opposition to the motion for a new trial. Doc. 113. For the reasons below, the motions are denied.

## I. BACKGROUND

A Second Superseding Indictment charged Elendu with five counts of wire fraud in violation of 18 U.S.C. § 1343 and 2, and one count of fraud and false statements in tax return in violation of 26 U.S.C. § 7206(1). Doc. 29. The United States alleged that Elendu "devised a loan fraud scheme in which he applied for more than $1 million dollars of COVID-19 pandemic relief program funds for which he did not qualify." Id. Trial commenced on December 8, 2025. Doc. 63. On December 12, 2025, the jury returned guilty verdicts on all counts. Doc. 64. On June 22, 2026—more than six months after the jury returned its verdict—Elendu moved for a new trial. Doc. 104.

## II. DISCUSSION

Elendu alleges seven grounds for a new trial: (1) "Brady, Giglio, and Jencks Act Violations," (2) "Jury Confusion and the Court's Failure to Clarify Jury Questions," (3) "Prosecutorial Misconduct/Coercion and Misleading Jury," (4) "Ineffective Assistance of Counsel," (5) "Juror Misconduct and Sleeping/Inattentive Jurors," (6) "Potential Napue Violation," and (7) "Newly Discovered Evidence." Doc. 104.

A district court may "grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). However, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 22(b)(2). A motion based on newly discovered evidence "must be filed within 3 years after the verdict or a finding of guilty." Fed. R. Crim. P. 22(b)(1). Because Elendu filed his motion for a new trial more than six months after the guilty verdicts, the motion is untimely to the extent it is based on any issue other than newly discovered evidence. Further, Elendu alleges no basis for the Court to allow the late filing through a finding of "excusable neglect." United States v. Mink, 107 F.4th 824, 826-27 (8th Cir. 2024). As such, the only grounds to consider are Elendu's allegations of newly discovered evidence.

### A. Newly Discovered Evidence

To prevail on a motion for new trial based on newly discovered evidence: (1) the evidence must have been discovered after the trial, (2) the failure to discover the evidence must not be attributable to a lack of diligence on the part of the petitioner, (3) the evidence must not be merely cumulative or impeaching, (4) the evidence must be material, and (5) the evidence must be likely to produce an acquittal. United States v. Duke, 50 F.3d 571, 577 (8th Cir. 1995).

Elendu alleges he identified "evidence that was not presented to the jury, including recordings, financial records, payment records, business records, communications, and other materials that Defendant believes would have materially affected the jury's consideration of the case." Doc. 104 at 8. The United States counters that Elendu has failed to satisfy all five elements under the new evidence standard. Doc. 113 at 9-17.

Elendu's argument regarding new evidence is deficient on all fronts. Beyond his statement that he "identified evidence that was not presented to the jury," he points to no specific evidence discovered after trial. Where Elendu does highlight specific evidence, he does so in his claims of ineffective assistance of counsel—and fails to allege that such evidence is new. Further, some of Elendu's assertions about specific evidence establish that he knew of its existence prior to or during trial. See Doc. 104 at 6 ("Failed to subpoena and present representatives from U-Haul regarding Defendant's business activities even though he was instructed to do so by the Defendant through email."). Even if Elendu did point to new evidence, he provides the Court with no facts to conclude that the failure to discover it was not attributable to his lack of diligence. Finally, Elendu's assertions are wholly inadequate to satisfy the materiality requirement or to convince the Court that it is likely to produce an acquittal. Duke, 50 F.3d at 577. As such, Elendu cannot prevail on his motion for a new trial.

## III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Elendu's motion for a new trial (Doc. 104) is **DENIED**. Elendu's motions for an evidentiary hearing and to expedite (Doc. 111) and for leave to file a supplemental memorandum (Doc. 121) are **MOOT**.

**IT IS SO ORDERED**.

Dated this 3rd day of November, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court