**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | Case No. 3:24-cr-142(1) |
| Ross Sylvester Elendu, | ) | |
| | ) | |
| Defendant. | ) | |

---

Pro se Defendant Ross Sylvester Elendu moves to define and clarify the role of standby counsel. Doc. 102. Elendu also moves for a prompt ruling on the motion. Doc. 115. The United States does not oppose either motion. For the reasons below, Elendu's motion regarding the role of standby counsel is denied. His motion for a prompt ruling is moot.

## I. BACKGROUND

Elendu was initially represented by various attorneys. After his jury trial with attorney Erich Grant, Elendu moved to proceed pro se. Doc. 82. On June 8, 2026, in accordance with Faretta v. California, 422 U.S. 806 (1975), the Court held a hearing at which Elendu, defense attorney Stormy Vickers, and the United States were present. Doc. 96.

At the hearing, the Court engaged in a colloquy with Elendu addressing his understanding of (1) his convictions, (2) the statutory minimum and maximum custodial and financial penalties that could be ordered; (2) the sentencing guidelines; (3) that the Court would be unable to assist him if he represented himself; and (4) the Federal Rules of Evidence and the Federal Rules of Criminal Procedure and that those rules would not be relaxed for self-representation. Elendu acknowledged his "understanding" of those matters. Elendu confirmed his desire to proceed pro se and stated his decision was voluntary and not the result of threats, promises, or financial

concerns. As such, the Court granted his motion to proceed pro se and appointed attorney Stormy Vickers as standby counsel. Doc. 95.

Elendu now moves to define and clarify the role of standby counsel (Doc. 102). He requests the Court to permit standby counsel to assist with:

(A) Oral advocacy during hearings and court proceedings
(B) Sentencing-related proceedings and arguments
(C) Presentence Investigation Report ("PSR") review and objections
(D) Evidentiary matters and procedural compliance
(E) Transcript coordination and review
(F) Discovery review and procedural assistance
(G) Assistance with preserving issues for appeal and post-trial proceedings and
(H) Any other procedural or legal matters the court deems appropriate.

Doc. 102 at 1-2. Elendu further requests that he be allowed to remain in control of litigation strategy, motion drafting and filings, substantive defense decisions, and overall case direction. Id. at 2.

## II. LAW AND DISCUSSION

The Eighth Circuit Court of Appeals has held that "[o]nce standby counsel is appointed, the role of standby counsel falls within the discretion of the district court. United States v. Lemicy, 122 F.4th 298, 306 (8th Cir. 2024) (citing Cooley v. Nix, 991 F.2d 801 (8th Cir. 1993)).

Elendu's requests for standby counsel exceed what the Court will allow. Elendu voluntarily chose to proceed pro se after a lengthy exchange with the Court regarding the consequences of self-representation. He alone holds the reins of his case. His request for standby counsel to undertake tasks such as oral advocacy, formulating arguments and objections, and procedural compliance are far beyond standby counsel's purview. Elendu adamantly sought self-representation, and the Court granted his request after finding that he voluntarily and intelligently waived his right to counsel. Doc. 95. As such, the Court declines to permit standby counsel to engage in the tasks specified above.

## III. CONCLUSION

For the reasons articulated above, Elendu's motion to define the role of standby counsel (Doc. 102) is **DENIED**. Elendu's motion for a prompt ruling (Doc. 115) is **MOOT**.

**IT IS SO ORDERED.**

Dated this 3rd day of November, 2026.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court